■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK B. SOLERWITZ, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Nassau County (Santagata, J.), both rendered May 11, 1990, convicting him of grand larceny in the second degree under Indictment No. 72895, and grand larceny in the second degree under Indictment No. 73428, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's claim that his guilty pleas were induced by

an unfulfilled sentencing promise is unpreserved for appellate review as he neither moved to withdraw his pleas nor to vacate the judgments upon this ground *(see,* CPL 470.05; *People v Pellegrino,* 60 NY2d 636; *People v Kendall,* 159 AD2d 727).* In any event, the defendant's claim that his pleas were induced by the court's promise to impose concurrent sentences of no more than 4 to 12 years imprisonment is contradicted by the record, which establishes that all sentencing commitments were withdrawn prior to his change of pleas.

We further reject the defendant's contention that the court exceeded its statutory authority by directing him to make restitution of certain agreed-upon sums to those victims who were named in the indictments or who had filed criminal complaints against him. It is well settled that restitution may be imposed for related offenses which are part of the same criminal transaction, as well as for offenses which are satisfied "by any plea of guilty by the defendant to an offense" (Penal Law § 60.27 [4]; *People v Bresciano,* 165 AD2d 815; *People v Palella,* 148 AD2d 838; *People v Prewett,* 126 AD2d 86). Since the restitution imposed by the court was expressly consented to by the defendant, and was in satisfaction of other criminal charges, we find no basis to disturb this aspect of the sentence *(see, People v Bresciano, supra).*

We find that the term of imprisonment imposed upon the defendant was neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find that they are either unpreserved for appellate review or without merit. Sullivan, J. P., Eiber, Miller and Ritter, JJ., concur.