■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAHREY M. O., Appellant. [647 NYS2d 626] —Adjudication unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: We reject the contention of defendant that County Court erred in imposing restitution without conducting an evidentiary hearing regarding the victim's actual out-of-pocket losses and defendant's ability to pay. Defendant never requested a hearing and the record contains sufficient evidence to support the court's finding that the victim's actual out-of-pocket loss consisting of unreimbursed medical expenses is $11,000 (*see*, Penal Law § 60.27 [2]).

Defendant further contends that the court erred in imposing a surcharge of 10% of the amount of total restitution ordered

rather than the surcharge of 5% that is directed by Penal Law § 60.27 (8). We agree. An additional surcharge of 5% is authorized only "[u]pon the filing of an affidavit of the official or organization designated pursuant to [CPL 420.10 (8)] demonstrating that the actual cost of the collection and administration of restitution * * * in a particular case exceeds five percent of the entire amount of the payment" (Penal Law § 60.27 [8]). Here, the record does not contain such an affidavit, and there is no showing or assertion that one was filed. Thus, the imposition of the additional 5% surcharge was not authorized. The fact that defendant agreed to the amount of the restitution and additional surcharge as a part of his plea agreement "is of no moment. A defendant cannot be deemed to have waived his right to be sentenced as provided by law" (*People v Watson*, 197 AD2d 880). Therefore, we modify the adjudication by vacating that part of defendant's sentence ordering defendant to pay an additional 5% surcharge in addition to the 5% surcharge directed by Penal Law § 60.27 (8). (Appeal from Adjudication of Ontario County Court, Harvey, J.—Youthful Offender.) Present—Pine, J. P., Lawton, Fallon, Balio and Davis, JJ.