■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH LASKOWSKI, Appellant. [847 NYS2d 883]—

Appeal from a judgment of the Genesee County Court (Robert

C. Noonan, J.), rendered May 19, 2006. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). The valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the period of postrelease supervision (*see People v Williams*, 6 AD3d 746, 748 [2004], *lv denied* 3 NY3d 650 [2004]). Although the waiver of the right to appeal does not encompass the further contention of defendant that County Court erred in imposing an enhanced term of incarceration based on postplea conduct (*see People v Huggins*, 45 AD3d 1380 [2007]), we conclude that defendant's contention lacks merit. Contrary to the contention of defendant, the court was not required to conduct a hearing prior to imposing an enhanced sentence inasmuch as defendant admitted acts that constituted violations of the plea agreement (*see People v Valencia*, 3 NY3d 714, 715-716 [2004]; *see generally People v Chiclana*, 21 AD3d 823, 824 [2005], *lv denied* 6 NY3d 753 [2005]). Finally, to the extent that the contention of defendant that he was denied effective assistance of counsel survives his guilty plea and his waiver of the right to appeal (*see People v Eastman*, 45 AD3d 1411 [2007]), we conclude that it is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.