■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON R. HOGABONE, Appellant. [853 NYS2d 435]—

Rose, J.

After defendant made incriminating statements about a number of burglaries, he was indicted for burglary in the third degree (four counts), grand larceny (one count) and petit larceny (three counts). When County Court denied suppression of his statements to police and the items found during a search of his car, defendant pleaded guilty to one count of burglary in the third degree in satisfaction of the indictment and waived his

right to appeal. County Court sentenced defendant, as a second felony offender, to 3 to 6 years in prison, prompting this appeal.

Defendant acknowledged and waived his right to appeal orally and in a detailed writing following a thorough advisement of his rights by County Court during the plea colloquy. The court specifically told defendant that his waiver would mean that there would be no appellate review of its suppression rulings. Also, in the written waiver, defendant acknowledged that he had discussed the consequences of his waiver with his counsel. Thus, defendant knowingly, voluntarily and intelligently waived his right to appeal (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Fludd*, 33 AD3d 1124, 1125 [2006], *lv denied* 9 NY3d 843 [2007]). Accordingly, defendant's challenges to County Court's suppression rulings are precluded (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Hunt*, 29 AD3d 1081, 1083 [2006], *lv denied* 7 NY3d 813 [2006]), and his challenge to the admission of evidence at the *Huntley/Mapp* hearing and to the severity of the sentence imposed are foreclosed (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Romano*, 45 AD3d 910, 912 [2007]).

Cardona, P.J., Peters, Carpinello and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.