■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRODES GIBSON, Appellant. [859 NYS2d 821]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered March 20, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reducing the period of postrelease supervision to a period of one year and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31). Defendant failed to preserve for our review his contention that County Court erred in failing to advise him of his right to a hearing concerning his alleged violations of the plea agreement prior to imposing an enhanced sentence (*see generally People v Perkins*, 291 AD2d 925 [2002], *lv denied* 98 NY2d 654 [2002]; *People v Perry*, 252 AD2d 990 [1998], *lv denied* 92 NY2d 929 [1998]) and, in any event, that contention is without merit. At the time of the plea, the court conditioned the sentence upon, inter alia, defendant's appearance for sentencing, and defendant subsequently failed to appear for sentencing. We thus conclude that defendant was not entitled to a hearing before the court enhanced his sentence, based upon defendant's failure to appear for sentencing (*see People v Figgins*, 87 NY2d 840 [1995]). To the extent that the further contention of defendant that he was denied effective assistance of counsel survives the plea and his waiver of the right to appeal (*see People v Santos*, 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), we conclude that it lacks merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]).

Finally, we conclude that the sentence is illegal insofar as it includes a two-year period of postrelease supervision (*see* Penal Law § 70.45 [2]). " 'Although [that] issue was not raised before the [sentencing] court or on appeal, we cannot allow an [illegal]

sentence to stand' " (*People v Davis*, 37 AD3d 1179, 1180 [2007], *lv denied* 8 NY3d 983 [2007]). We therefore modify the judgment by reducing the period of postrelease supervision to a period of one year (*see People v Ehrhardt*, 292 AD2d 790 [2002], *lv denied* 98 NY2d 675 [2002]). The sentence as modified is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Smith, Green and Gorski, JJ.