■ The People of the State of New York, Respondent, v
Yvette M. Giovanni, Appellant. [861 NYS2d 214]—

Peters, J. Appeal from a judgment of the County Court of
Saratoga County (Scarano, J.), rendered September 12, 2006,
convicting defendant upon her plea of guilty of the crime of
grand larceny in the third degree.

Over the course of several months, defendant forged her
employer's business checks and deposited the funds into her
own personal account. After misappropriating more than
$37,000 and altering her employer's records to falsely reflect
payments to creditors, she was arrested and charged with grand
larceny in the third degree. Defendant subsequently waived
indictment and pleaded guilty to a superior court information
charging her with grand larceny in the third degree. Thereafter,
she executed a written waiver of the right to appeal and was
sentenced as a second felony offender to an agreed-upon prison
term of 2½ to 5 years, in addition to restitution in the amount
of $91,865.74.

On appeal, defendant argues that her waiver of appeal was
entered into involuntarily. We disagree. County Court questioned
defendant extensively concerning her understanding of the plea
agreement and the rights that she was surrendering as a result
of her guilty plea and waiver of her right to appeal. In response,
defendant consistently reassured County Court that she was
aware of, among other things, her right to plead not guilty and
her right to appeal, and was choosing to waive both voluntarily.
Defendant's oral concessions were buttressed by her written
waiver of appeal, which explicitly enumerated the rights that
were to be relinquished and acknowledged that defendant had
discussed the consequences of the waiver with counsel. Under
these circumstances, we find both defendant's guilty plea and
her waiver of appeal to have been knowing, voluntary and intel-
ligent (see People v Hogabone, 49 AD3d 1027, 1028 [2008]; People
v Vallance, 49 AD3d 917, 918 [2008], lv denied 10 NY3d 845
[2008]; People v Lewis, 48 AD3d 880, 881 [2008]). Having found
a valid waiver of the right to appeal, defendant's challenge to
her sentence is precluded (see People v Walker, 47 AD3d 965,
966 [2008]; People v McKeney, 45 AD3d 974, 975 [2007]; People
v Fogarty, 35 AD3d 957, 958 [2006], lv denied 8 NY3d 922
[2007]).

Similarly unavailing is defendant's contention that County
Court erred in making a determination as to restitution without
first conducting a hearing (see Penal Law § 60.27; People v

*Tzitzikalakis*, 8 NY3d 217, 221 [2007]). Notably, the calculated restitution was an integral part of defendant's agreed-upon plea bargain, which she was apprised of and acknowledged on the record several times. Therefore, inasmuch as defendant failed to challenge County Court's restitution determination or request a hearing on the issue, her current argument is unpreserved and we decline to reverse said determination in the interest of justice (*see People v Stephens*, 51 AD3d 1225 [2008]; *People v Golgoski*, 40 AD3d 1138, 1138 [2007]; *People v Williams*, 28 AD3d 1005, 1011 [2006], *lv denied* 7 NY3d 819 [2006]).

Cardona, P.J., Spain, Carpinello and Stein, JJ., concur. Ordered that the judgment is affirmed.