■ The People of the State of New York, Respondent, v Barry Taylor, Appellant. [894 NYS2d 572]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 20, 2008 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree.

Defendant was charged in an indictment with three counts of criminal possession of a forged instrument in the second degree and three counts of petit larceny in connection with his possession and negotiation of three forged checks in the amounts of

$311.91, $491.83 and $491.62. He pleaded guilty to one count of criminal possession of a forged instrument in the second degree in full satisfaction of the entire indictment and executed a written waiver of his right to appeal. Thereafter, in accordance with the negotiated plea agreement, Supreme Court sentenced defendant as a second felony offender to a prison term of 3 to 6 years and ordered restitution in the amount of $1,295.36.

Defendant's lone assertion here—that Supreme Court erred in imposing $1,295.36 in restitution without first conducting a hearing—is precluded by his valid waiver of appeal inasmuch as that amount was an explicit part of defendant's agreed-upon plea bargain (*see People v Gilmour*, 61 AD3d 1122, 1123-1124 [2009], *lv denied* 12 NY3d 925 [2009]; *cf. People v McLean*, 59 AD3d 859, 860-861 [2009]). In any event, contrary to defendant's contention, the court properly imposed restitution in the amount of all three forged checks given that defendant's guilty plea was in full satisfaction of the six-count indictment (*see* Penal Law § 60.27 [4] [a]; *People v Casiano*, 8 AD3d 761, 762 [2004]).

Peters, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.