■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAHEED M. MOFFETT, Also Known as TAHEED MOFFETT, Also Known as T. MOFFETT, Appellant. [934 NYS2d 909]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]). "Defendant failed to preserve for our review his contention that County Court erred in failing to advise him of his right to a hearing concerning his alleged violations of the plea agreement prior to imposing an enhanced sentence" (*People v Gibson*, 52 AD3d 1227, 1227 [2008]; *see also People v Sprague*, 82 AD3d 1649 [2011], *lv denied* 17 NY3d 801 [2011]; *People v Perry*, 252 AD2d 990 [1998], *lv denied* 92 NY2d 929 [1998]). In any event, that contention is without merit. Pursuant to the plea agreement, in order to receive the promised sentence, defendant was required to comply with a curfew, to appear as required by the probation officer preparing the presentence report and to remain arrest free. Defendant admitted that he had been rearrested and violated his curfew (*see People v Valencia*, 3 NY3d 714, 715-716 [2004]; *People v Laskowski*, 46 AD3d 1383 [2007]), and he did not contest the remaining accusations concerning violations of the sentencing conditions. Consequently, we conclude that defendant was not entitled to a hearing before the court enhanced his sentence (*see generally People v Figgins*, 87 NY2d 840 [1995]).

The sentence is not unduly harsh or severe. Present—Smith, J.P., Fahey, Carni, Sconiers and Gorski, JJ.