# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1394**

**KA 10-01255**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

TAHEED M. MOFFETT, ALSO KNOWN AS TAHEED MOFFETT,
ALSO KNOWN AS T. MOFFETT, DEFENDANT-APPELLANT.

---

GARY A. HORTON, PUBLIC DEFENDER, BATAVIA (BRIDGET L. FIELD OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (DAVID E. GANN OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered May 11, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]). "Defendant failed to preserve for our review his contention that County Court erred in failing to advise him of his right to a hearing concerning his alleged violations of the plea agreement prior to imposing an enhanced sentence" (*People v Gibson*, 52 AD3d 1227, 1227; *see also People v Sprague*, 82 AD3d 1649, *lv denied* 17 NY3d 801; *People v Perry*, 252 AD2d 990, *lv denied* 92 NY2d 929). In any event, that contention is without merit. Pursuant to the plea agreement, in order to receive the promised sentence, defendant was required to comply with a curfew, to appear as required by the probation officer preparing the presentence report and to remain arrest free. Defendant admitted that he had been rearrested and violated his curfew (*see People v Valencia*, 3 NY3d 714, 715-716; *People v Laskowski*, 46 AD3d 1383), and he did not contest the remaining accusations concerning violations of the sentencing conditions. Consequently, we conclude that defendant was not entitled to a hearing before the court enhanced his sentence (*see generally People v Figgins*, 87 NY2d 840).

The sentence is not unduly harsh or severe.

Entered:  December 23, 2011                Frances E. Cafarell
                                          Clerk of the Court