# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**83**

**KA 08-00281**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CARL GOOSSENS, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

JOHN E. TYO, SHORTSVILLE, FOR DEFENDANT-APPELLANT.

THOMAS E. MORAN, DISTRICT ATTORNEY, GENESEO (ERIC R. SCHIENER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered January 9, 2007. The judgment convicted defendant, upon his plea of guilty, of rape in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the third degree (Penal Law § 130.25 [2]). We reject defendant's contention that his waiver of the right to appeal was invalid (*see generally People v Lopez*, 6 NY3d 248, 256). Although defendant's further contention that his plea was not knowingly, voluntarily and intelligently entered survives his valid waiver of the right to appeal, defendant failed to preserve that contention for our review (*see People v Davis*, 45 AD3d 1357, *lv denied* 9 NY3d 1005; *People v Jones*, 42 AD3d 968). Contrary to defendant's contention, this case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666), "inasmuch as nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea" (*People v Lewandowski*, 82 AD3d 1602, 1602; *see Jones*, 42 AD3d 968). Defendant's valid waiver of the right to appeal encompasses his further contention that County Court failed to afford him sufficient time to retain a new attorney (*see People v La Bar*, 16 AD3d 1084, *lv denied* 5 NY3d 764; *People v Morgan*, 275 AD2d 970, *lv denied* 96 NY2d 761) and, in any event, defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]). Finally, the challenge by defendant to the court's suppression ruling is also encompassed by his valid waiver of the right to appeal (*see People v Kemp*, 94 NY2d 831, 833; *People v*

*Bell*, 89 AD3d 1518).

Entered: February 17, 2012

Frances E. Cafarell
Clerk of the Court