# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1264**
**KA 11-00011**
PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WALTER A. GARDNER, III, DEFENDANT-APPELLANT.

---

ROBERT M. PUSATERI, CONFLICT DEFENDER, LOCKPORT (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered December 10, 2010. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [3]) and resisting arrest (§ 205.30). Defendant first contends that his plea was not knowingly, intelligently and voluntarily entered because he never admitted during the plea colloquy that he intended to prevent a police officer from performing a lawful duty or that he in fact caused injury to an officer. "That contention is actually a challenge to the factual sufficiency of the plea allocution, which is encompassed by defendant's valid waiver of the right to appeal" (*People v Thomas*, 72 AD3d 1483, 1483). In any event, defendant also failed to preserve that contention for our review inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction (*see People v Lewandowski*, 82 AD3d 1602, 1602). "Although defendant's initial factual allocution may have negated an essential element of the crime, this case does not fall within the exception to the preservation rule because the court conducted the requisite further inquiry and defendant did not thereafter raise any further objections" (*People v Jennings*, 8 AD3d 1067, 1068, *lv denied* 3 NY3d 676).

We reject defendant's further contention that he was denied effective assistance of counsel. Assuming, arguendo, that defendant's contention otherwise survives the guilty plea and his waiver of the right to appeal, we conclude that he received meaningful

representation (*see generally People v Ford*, 86 NY2d 397, 404).  To the extent that defendant contends that defense counsel's alleged failure to communicate with him constituted ineffective assistance, it is based upon matters outside the record and thus may only be raised by way of a motion pursuant to CPL article 440 (*see People v Frazier*, 63 AD3d 1633, 1634, *lv denied* 12 NY3d 925).

Entered:  December 21, 2012                Frances E. Cafarell
                                           Clerk of the Court