# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**147**

**KA 11-01835**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

ERIC KIRKLAND, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, ESQS. (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered August 26, 2011. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree, grand larceny in the third degree and possession of burglar's tools.

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20), grand larceny in the third degree (§ 155.35 [1]), and possession of burglar's tools (§ 140.35), defendant contends that his plea was not voluntarily and knowingly entered. Defendant's contention is actually a challenge to the factual sufficiency of the plea allocution and is not preserved for our review inasmuch as he did not move to withdraw his plea or to vacate the judgment of conviction on that ground (*see People v Lopez*, 71 NY2d 662, 665; *People v Granger*, 96 AD3d 1667, 1667, *lv denied* 19 NY3d 1102). Even assuming, arguendo, that defendant's contention with respect to a comment he made during the plea colloquy "calls into question the voluntariness of the plea" and thus falls within the narrow exception to the preservation requirement, we conclude that County Court properly conducted the requisite inquiry to clarify that defendant was voluntarily entering his plea (*Lopez*, 71 NY2d at 666).

Defendant further contends that the court erred in ordering him to pay restitution without conducting a hearing. Defendant's contention "is not properly before this Court for review because [defendant] did not request a hearing to determine the [proper amount of restitution] or otherwise challenge the amount of the restitution order during the sentencing proceeding" (*People v Horne*, 97 NY2d 404, 414 n 3; *see People v McCarthy*, 83 AD3d 1533, 1534, *lv denied* 17 NY3d

819).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant also failed to preserve for our review his contention that the court erred in imposing a collection surcharge of 10% of the amount of restitution (*see* CPL 470.05 [2]).  A court must impose a surcharge of 5% of the amount of restitution, but an additional surcharge of up to 5% is permitted "[u]pon the filing of an affidavit of the official or organization designated pursuant to [CPL 420.10 (8)] demonstrating that the actual cost of the collection and administration of restitution or reparation in a particular case exceeds five percent of the entire amount of the payment or the amount actually collected" (Penal Law § 60.27 [8]).  Defendant contends that the affidavit of the probation officer in this case is insufficient to warrant the additional surcharge.  We disagree with our dissenting colleagues that the issue whether a surcharge of 10% is properly imposed does not require preservation.  While this Court has in the past relied on the illegal sentence exception to the preservation requirement of CPL 470.05 (2) when reviewing that issue (*see People v Gahrey M.O.*, 231 AD2d 909, 910; *see generally People v Seaberg*, 74 NY2d 1, 9), more recent decisions from the Court of Appeals have established that issues regarding restitution require preservation (*see Horne*, 97 NY2d at 414 n 3).  In addition, the Court of Appeals has held that the mandatory surcharge set forth in Penal Law § 60.35 (1) is not part of a sentence (*see People v Guerrero*, 12 NY3d 45, 48; *People v Hoti*, 12 NY3d 742, 743).  Those cases compel us to conclude that an issue regarding a surcharge imposed on restitution pursuant to Penal Law § 60.27 (8) must be preserved for our review and that we cannot rely on the illegal sentence exception to the preservation requirement.  We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's contention that the consecutive sentences imposed on his felony convictions are illegal.  "[S]entences imposed for two or more offenses may not run consecutively:  (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (*People v Laureano*, 87 NY2d 640, 643; *see* Penal Law § 70.25 [2]).  Here, the court properly imposed consecutive sentences on the felony convictions because "[t]he crime of burglary was completed when defendant entered [the electronics store] with the intent to commit a crime [and] [t]he ensuing larceny was a separate crime, perpetrated through defendant's separate act of stealing property" (*People v Frazier*, 16 NY3d 36, 41).  We reject defendant's further contention that the sentence is unduly harsh or severe, particularly with respect to the consecutive terms of incarceration (*see generally Frazier*, 16 NY3d at 41).  The consecutive terms of incarceration were part of the plea agreement, and defendant has a history of burglary and theft offenses.

CENTRA, J.P., CARNI and VALENTINO, JJ., concur; FAHEY and SCONIERS, JJ., concur in the following Memorandum:  We concur inasmuch as we

respectfully disagree with the conclusion of the majority that defendant was required to preserve for our review his contention that the Ontario County Probation Department affidavit was inadequate to support an enhanced surcharge of 10% of the entire amount of restitution that he was ordered to pay as part of the sentence (*see* Penal Law § 60.27 [8]).  In our view, that contention does not require preservation because " '[a] defendant cannot be deemed to have waived his right to be sentenced as provided by law' " (*People v Gahrey M.O.*, 231 AD2d 909, 910).  Thus, contrary to the view of the majority, we conclude that we are obligated to address the merits of defendant's contention regarding the sufficiency of the affidavit in question.

Entered:  April 26, 2013                          Frances E. Cafarell
                                                  Clerk of the Court