# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1272
KA 11-00990
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ERIC D. ROBINSON, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered March 8, 2011. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree and driving while ability impaired by drugs.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [3]) and driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256). The challenge by defendant to County Court's suppression ruling is encompassed by his valid waiver of the right to appeal (*see People v Kemp*, 94 NY2d 831, 833; *People v Goossens*, 92 AD3d 1282, 1283, *lv denied* 19 NY3d 960). Although defendant's contention that his guilty plea was not knowing, voluntary, or intelligent survives his valid waiver of the right to appeal, defendant did not move to withdraw the plea or to vacate the judgment of conviction on that ground and thus failed to preserve that contention for our review (*see People v Russell*, 55 AD3d 1314, 1314-1315, *lv denied* 11 NY3d 930). Contrary to defendant's further contention, this case does not fall within the rare exception to the preservation requirement because nothing in the plea allocution calls into question the voluntariness of the plea or casts "significant doubt" upon his guilt (*People v Lopez*, 71 NY2d 662, 666; *see People v Cubi*, 104 AD3d 1225, 1226, *lv denied* 21 NY3d 1003).

To the extent that defendant's further contention that the court erred in denying his application for a subpoena duces tecum survives

the guilty plea and his valid waiver of the right to appeal (*see generally People v Morris*, 94 AD3d 1450, 1451, *lv denied* 19 NY3d 976), we conclude that it lacks merit.  Inasmuch as the records sought pertain solely to the credibility of a witness, the court did not abuse its discretion in denying defendant's subpoena request (*see People v Gissendanner*, 48 NY2d 543, 548; *People v Scott*, 60 AD3d 1396, 1397, *lv denied* 12 NY3d 821; *People v Reddick*, 43 AD3d 1334, 1335, *lv denied* 10 NY3d 815).

        Although defendant's challenge to the amount of restitution " 'is not foreclosed by his waiver of the right to appeal because the amount of restitution was not included in the terms of the plea agreement' " (*People v Tessitore*, 101 AD3d 1621, 1622, *lv denied* 20 NY3d 1104), he failed to preserve that challenge for our review inasmuch as he did not object to the amount of restitution at sentencing or request a hearing on that issue (*see People v Kirkland*, 105 AD3d 1337, 1338-1339, *lv denied* 21 NY3d 1043; *People v Jorge N.T.*, 70 AD3d 1456, 1457, *lv denied* 14 NY3d 889).  Indeed, defendant expressly consented to the amount of restitution at sentencing (*see People v Harris*, 31 AD3d 1194, 1195, *lv denied* 7 NY3d 848; *People v Solerwitz*, 172 AD2d 780, 781, *lv denied* 78 NY2d 947).

        Finally, defendant failed to preserve for our review his contention that the court erred in imposing a collection surcharge of 10% of the amount of restitution (*see Kirkland*, 105 AD3d at 1338).  In any event, Penal Law § 60.27 (8) provides that a court must impose a surcharge of 5% of the amount of restitution and may impose an additional surcharge of up to 5% "[u]pon the filing of an affidavit of the official or organization designated pursuant to [CPL 420.10 (8)] demonstrating that the actual cost of the collection and administration of restitution or reparation in a particular case exceeds five percent of the entire amount of the payment or the amount actually collected" (*see Kirkland*, 105 AD3d at 1338-1339) and, here, the record includes such an affidavit.

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court