■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANA KOSTY, Appellant. [996 NYS2d 449]—

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered November 13, 2012. The judgment convicted defendant, upon her plea of guilty, of offering a false instrument for filing in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of offering a false instrument for filing in the first degree (Penal Law § 175.35). Defendant contends that her waiver of the right to appeal was invalid because County Court did not explain exceptions to the waiver. We reject that contention (*see People v Corbin*, 121 AD3d 803 [2014]). Defendant's contention that she did not admit to the element of intent to defraud during her plea is actually a challenge to the factual sufficiency of the plea allocution, and that challenge is encompassed by her valid waiver of the right to appeal (*see People v Gardner*, 101 AD3d 1634, 1634 [2012]; *People v Bailey*, 49 AD3d 1258, 1259 [2008], *lv denied* 10 NY3d 932 [2008]). In

any event, defendant failed to preserve her contention for our review inasmuch as she failed to move to withdraw the plea or to vacate the judgment of conviction (*see People v Lewandowski*, 82 AD3d 1602, 1602 [2011]), and this case does not fall within the "rare exception to the preservation rule" (*People v Lopez*, 71 NY2d 662, 666 [1988]).

Defendant's valid waiver of the right to appeal also encompasses her contention that the court erred in directing her to pay a specified amount of restitution without conducting a hearing "inasmuch as that amount was an explicit part of defendant's agreed-upon plea bargain" (*People v Taylor*, 70 AD3d 1121, 1122 [2010], *lv denied* 14 NY3d 845 [2010]; *see People v Wapniewski*, 115 AD3d 1251, 1251-1252 [2014], *lv denied* 23 NY3d 1026 [2014]). In any event, defendant failed to preserve her contention for our review by challenging the court's determination as to the amount of restitution or by requesting a hearing on the issue (*see People v Giovanni*, 53 AD3d 778, 778-779 [2008], *lv denied* 11 NY3d 832 [2008]). Defendant also failed to preserve for our review her contention that the court erred in imposing a collection surcharge of 10% of the amount of restitution (*see* CPL 470.05 [2]; *People v Kirkland*, 105 AD3d 1337, 1338 [2013], *lv denied* 21 NY3d 1043 [2013]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). Present—Scudder, P.J., Smith, Peradotto, Carni and Sconiers, JJ.