# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1188

KA 13-00144

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DIANA KOSTY, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

VALERIE G. GARDNER, DISTRICT ATTORNEY, PENN YAN (MEGAN P. DADD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered November 13, 2012. The judgment convicted defendant, upon her plea of guilty, of offering a false instrument for filing in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of offering a false instrument for filing in the first degree (Penal Law § 175.35). Defendant contends that her waiver of the right to appeal was invalid because County Court did not explain exceptions to the waiver. We reject that contention (*see People v Corbin*, 121 AD3d 803, ___). Defendant's contention that she did not admit to the element of intent to defraud during her plea is actually a challenge to the factual sufficiency of the plea allocution, and that challenge is encompassed by her valid waiver of the right to appeal (*see People v Gardner*, 101 AD3d 1634, 1634; *People v Bailey*, 49 AD3d 1258, 1259, *lv denied* 10 NY3d 932). In any event, defendant failed to preserve her contention for our review inasmuch as she failed to move to withdraw the plea or to vacate the judgment of conviction (*see People v Lewandowski*, 82 AD3d 1602, 1602), and this case does not fall within the "rare exception to the preservation rule" (*People v Lopez*, 71 NY2d 662, 666).

Defendant's valid waiver of the right to appeal also encompasses her contention that the court erred in directing her to pay a specified amount of restitution without conducting a hearing "inasmuch as that amount was an explicit part of defendant's agreed-upon plea bargain" (*People v Taylor*, 70 AD3d 1121, 1122, *lv denied* 14 NY3d 845; *see People v Wapniewski*, 115 AD3d 1251, 1251-1252, *lv denied* 23 NY3d 1026). In any event, defendant failed to preserve her contention for

our review by challenging the court's determination as to the amount of restitution or by requesting a hearing on the issue (*see People v Giovanni*, 53 AD3d 778, 778-779, *lv denied* 11 NY3d 832).  Defendant also failed to preserve for our review her contention that the court erred in imposing a collection surcharge of 10% of the amount of restitution (*see* CPL 470.05 [2]; *People v Kirkland*, 105 AD3d 1337, 1338, *lv denied* 21 NY3d 1043).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court