# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**859**

**KA 14-00978**

PRESENT: SMITH, J.P., PERADOTTO, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RICHARD A. BIZARDI, DEFENDANT-APPELLANT.

---

WILLIAMS, HEINL, MOODY & BUSCHMAN, P.C., AUBURN (RYAN JAMES MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (JEFFREY A. DOMACHOWSKI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered April 22, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Contrary to defendant's contention, we conclude that he knowingly, intelligently, and voluntarily waived his right to appeal as a condition of the plea (*see generally People v Lopez*, 6 NY3d 248, 256). County Court "engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice . . . , and the record establishes that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Burts*, 114 AD3d 1272, 1273, *lv denied* 22 NY3d 1197 [internal quotation marks omitted]). Contrary to defendant's contention, the court "was not required to specify during the colloquy which specific claims survive the waiver of the right to appeal" (*People v Rodriguez*, 93 AD3d 1334, 1335, *lv denied* 19 NY3d 966). Defendant's contention that the court erred in denying his request for a *Wade* hearing is encompassed by the valid waiver (*see People v Jenkins*, 117 AD3d 1528, 1529, *lv denied* 23 NY3d 1063).

Although defendant's contention that his guilty plea was not knowing, voluntary, and intelligent survives his valid waiver of the right to appeal, defendant failed to preserve that contention for our review by moving to withdraw his plea or to vacate the judgment of conviction (*see People v Robinson*, 112 AD3d 1349, 1349, *lv denied* 23

NY3d 1042), and this case does not fall within the rare exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666).

Entered:  July 2, 2015                                        Frances E. Cafarell
                                                             Clerk of the Court