# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

692

KA 13-02063

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

DAKOTA J. LYNN, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, ESQS.,
SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G.
Reed, A.J.), rendered October 30, 2013. The judgment convicted
defendant, upon her plea of guilty, of falsifying business records in
the first degree (two counts) and petit larceny (two counts).

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her,
upon her plea of guilty, of two felony counts of falsifying business
records in the first degree (Penal Law § 175.10), and two misdemeanor
counts of petit larceny (§ 155.25). Contrary to defendant's
contention, the record establishes that County Court "engage[d] the
defendant in an adequate colloquy to ensure that the waiver of the
right to appeal was a knowing and voluntary choice" (*People v Ripley*,
94 AD3d 1554, 1554, *lv denied* 19 NY3d 976 [internal quotation marks
omitted]; *see People v Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d
912; *see generally People v Lopez*, 6 NY3d 248, 256), and the court did
not conflate the waiver of the right to appeal with the rights
defendant was automatically forfeiting upon her plea (*see Lopez*, 6
NY3d at 256; *Ripley*, 94 AD3d at 1554). We reject defendant's
contention that her waiver of the right to appeal is invalid because
the court did not explain exceptions to the waiver (*see People v
Bizardi*, 130 AD3d 1492, 1492, *lv denied* 27 NY3d 992; *People v Kosty*,
122 AD3d 1408, 1408, *lv denied* 24 NY3d 1220), or ensure that a written
waiver was obtained (*see People v Oberdorf*, 136 AD3d 1291, 1292, *lv
denied* 27 NY3d 1073; *People v Irvine*, 42 AD3d 949, 949-950, *lv denied*
9 NY3d 962).

Defendant further contends that the court erred in refusing to
suppress her statement to the police because she was questioned in a
secured office complex and was never given her *Miranda* rights. That

contention does not survive the valid waiver of the right to appeal (*see People v Kemp*, 94 NY2d 831, 833; *People v Carpenter*, 13 AD3d 1193, 1193, *lv denied* 4 NY3d 797).

Defendant contends that she did not knowingly, voluntarily, and intelligently enter her plea of guilty inasmuch as the court failed to ensure that she had a full understanding of her plea as evidenced by her "yes" or "no" answers and lack of narrative responses. That contention, however, is a challenge to the factual sufficiency of the plea allocution and thus "is encompassed by [the] valid waiver of the right to appeal" (*Kosty*, 122 AD3d at 1408; *see People v Seaberg*, 74 NY2d 1, 10; *Irvine*, 42 AD3d at 950).

Defendant also contends that she "substantially complied" with the terms and conditions of her interim probation and that the court therefore should have permitted her, in accordance with her plea agreement, to withdraw her guilty plea with respect to the two felony counts. That contention is without merit (*see People v Gibson*, 52 AD3d 1227, 1227). At the time of the plea, the court conditioned vacatur of that part of the guilty plea covering the two felony counts upon, inter alia, defendant's successful completion of interim probation. It is undisputed, however, that defendant failed to complete interim probation successfully. We conclude that the "summary hearing conducted by the court was sufficient pursuant to CPL 400.10 (3) to enable the court to 'assure itself that the information' " upon which it was basing its determination that defendant failed to complete interim probation successfully, as well as the sentence to be imposed on defendant, was " 'reliable and accurate' " (*People v Rollins*, 50 AD3d 1535, 1536, *lv denied* 10 NY3d 939; *see People v Wissert*, 85 AD3d 1633, 1633-1634, *lv denied* 17 NY3d 956; *see also Gibson*, 52 AD3d at 1227).

Finally, defendant contends that the bargained-for sentence is unduly harsh and severe. We note that the court indicated at the time of sentencing that defendant could appeal the sentence. We nevertheless conclude that the sentence is not unduly harsh or severe.

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court