# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**586**

**KA 12-01912**

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

ROBERT G. GILL, DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KIMBERLY J. CZAPRANSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered August 2, 2012. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [1]). Contrary to defendant's contention, he knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Fontaine*, 144 AD3d 1658, 1658). Although defendant's contention that his guilty plea was not knowing, voluntary, and intelligent survives the valid waiver of the right to appeal, defendant failed to preserve that contention for our review inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction (*see People v Bizardi*, 130 AD3d 1492, 1492, *lv denied* 27 NY3d 992). This case does not fall within the rare exception to the preservation rule set forth in *People v Lopez* (71 NY2d 662, 666), "inasmuch as nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea" (*People v Lewandowski*, 82 AD3d 1602, 1602; *see Lopez*, 71 NY2d at 666; *Bizardi*, 130 AD3d at 1492).

Entered:  April 28, 2017                                   Frances E. Cafarell
                                                          Clerk of the Court