People v Gaines (2018 NY Slip Op 01740)





People v Gaines


2018 NY Slip Op 01740


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


220 KA 16-01275

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYLEE D. GAINES, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (MICHAEL S. DEAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Michael F. Pietruszka, A.J.), rendered May 26, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). Contrary to defendant's contention, we conclude that he knowingly, intelligently, and voluntarily waived his right to appeal as a condition of the plea (see generally People v Lopez, 6 NY3d 248, 256 [2006]), and the record establishes that defendant "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (id.). Contrary to defendant's related contention, the oral waiver of the right to appeal was "buttressed by [his] written waiver of appeal, which explicitly enumerated the rights that were to be relinquished and [in which defendant] acknowledged that [he] had discussed the consequences of the waiver with counsel" (People v Giovanni, 53 AD3d 778, 778 [3d Dept 2008], lv denied 11 NY3d 832 [2008]). Finally, we conclude that defendant's valid waiver of the right to appeal encompasses his challenge to the severity of the sentence (see Lopez, 6 NY3d at 255).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court