People v Wright (2018 NY Slip Op 03029)





People v Wright


2018 NY Slip Op 03029


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND NEMOYER, JJ.


547 KA 15-00982

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEON D. WRIGHT, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered April 6, 2015. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]), defendant contends that his sentence is unduly harsh and severe. We agree with the People that defendant knowingly, voluntarily and intelligently waived his right to appeal. County Court "engaged defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (People v Mills, 151 AD3d 1744, 1745 [4th Dept 2017], lv denied 29 NY3d 1131 [2017]; see People v Lopez, 6 NY3d 248, 256 [2006]), and the oral waiver was buttressed by a written waiver executed by defendant and defense counsel (see People v Gaines, — AD3d &mdash, &mdash, 2018 NY Slip Op 01740, *1 [4th Dept 2018]). We conclude that the valid waiver of the right to appeal encompasses defendant's challenge to the severity of the sentence (see Lopez, 6 NY3d at 255; People v Hidalgo, 91 NY2d 733, 737 [1998]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court