People v Williams (2018 NY Slip Op 03037)





People v Williams


2018 NY Slip Op 03037


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND WINSLOW, JJ.


571 KA 16-01618

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEREMIAH D. WILLIAMS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (MICHAEL S. DEAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Michael F. Pietruszka, A.J.), rendered April 11, 2016. The judgment convicted defendant, upon his plea of guilty, of failure to register and/or verify status as a sex offender. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of failure to register and/or verify his status as a sex offender (Correction Law §§ 168-f [4]; 168-t). We reject defendant's contention that his waiver of the right to appeal is invalid. The record establishes that County Court "expressly ascertained from defendant that, as a condition of the plea, he was agreeing to waive his right to appeal, and the court did not conflate that right with those automatically forfeited by a guilty plea" (People v McCrea, 140 AD3d 1655, 1655 [4th Dept 2016], lv denied 28 NY3d 933 [2016] [internal quotation marks omitted]). Contrary to defendant's further contention, "the oral waiver of the right to appeal was buttressed by [his] written waiver of [the right to] appeal, which explicitly enumerated the rights that were to be relinquished and [in which defendant] acknowledged that [he] had discussed the consequences of the waiver with counsel' " (People v Gaines, — AD3d &mdash, &mdash, 2018 NY Slip Op 01740, *1 [4th Dept 2018]). The waiver encompasses defendant's challenge to the severity of his sentence (see People v Lopez, 6 NY3d 248, 255 [2006]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court