People v Johnson (2019 NY Slip Op 01678)





People v Johnson


2019 NY Slip Op 01678


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

109122

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JEROME JOHNSON, Appellant.

Calendar Date: January 10, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Erin C. Morigerato, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered December 15, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
In November 2015, defendant was indicted and charged with one count of criminal possession of a weapon in the second degree. Following the denial of his suppression motion, defendant agreed to plead guilty to the reduced charge of attempted criminal possession of a weapon in the second degree with the understanding that he would be sentenced to a prison term of three years followed by three years of postrelease supervision. The plea agreement also included a waiver of defendant's right to appeal. Defendant thereafter pleaded guilty in conformity with the plea agreement and was sentenced to the agreed-upon term of imprisonment. Defendant appeals.
We affirm. Initially, we reject defendant's contention that his waiver of the right to appeal was invalid. County Court apprised defendant of the trial-related rights that are automatically forfeited by a guilty plea and then advised him that, although he would ordinarily retain the right to appeal, the plea agreement required a waiver of his right to appeal the denial of his suppression motion, his conviction and his sentence (see People v Carter, 166 AD3d 1212, 1213 [2018]; People v Hogabone, 49 AD3d 1027, 1028 [2008], lv denied 10 NY3d 935 [2008]). The record further reflects that defendant, after conferring with counsel, signed a written waiver in open court and, in response to County Court's questioning, confirmed that he understood its terms and agreed to be bound by it (see People v Brown, 163 AD3d 1269, 1270 [2018]; People v Turner, 158 AD3d 892, 892 [2018]; People v McCaskill, 76 AD3d 751, 752 [2010]; People v Romano, 45 AD3d 910, 914-915 [2007], lv denied 10 NY3d 770 [2008]).
Although defendant's challenge to the voluntariness of his plea survives his valid appeal waiver, this issue is unpreserved for our review in the absence of an appropriate postallocution motion, and the narrow exception to the preservation requirement is inapplicable because [*2]defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or called the voluntariness of his plea into question (see People v Norton, 164 AD3d 1502, 1503 [2018], lv denied 32 NY3d 1114 [2018]). Although his ineffective assistance of counsel claim survives his valid appeal waiver to the limited extent that it impacts upon the voluntariness of his plea, this issue is also unpreserved for our review due to defendant's failure to move to withdraw his plea (see id. at 1503). Finally, defendant's valid appeal waiver precludes his challenge to the severity of his sentence (see People v Carter, 166 AD3d at 1213).
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ. concur.
ORDERED that the judgment is affirmed.