People v Rathburn (2019 NY Slip Op 09163)





People v Rathburn


2019 NY Slip Op 09163


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.


1148 KA 17-00953

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN A. RATHBURN, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered April 5, 2017. The judgment convicted defendant, upon a plea of guilty, of course of sexual conduct against a child in the first degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and endangering the welfare of a child (§ 260.10 [1]). We affirm.
Defendant's challenges to the voluntariness of his plea are unpreserved for appellate review because he never moved to withdraw his plea or to vacate the judgment of conviction on that ground (see People v Gardner, 101 AD3d 1634, 1634 [4th Dept 2012]). Although defendant's initial factual allocution may have negated an essential element of course of sexual conduct against a child in the first degree, the exception to the preservation rule does not apply because the matter was adjourned, defendant consulted with his lawyer, the prosecutor conducted the requisite further inquiry, and defendant did not thereafter raise any further objections (see id. at 1634-1635; People v Jennings, 8 AD3d 1067, 1068 [4th Dept 2004], lv denied 3 NY3d 676 [2004]). In any event, it is well established that defendant's "monosyllabic . . . responses to questioning by County Court do not render his plea unknowing and involuntary" (People v Dunham, 83 AD3d 1423, 1424 [4th Dept 2011], lv denied 17 NY3d 794 [2011]; see People v VanDeViver, 56 AD3d 1118, 1118 [4th Dept 2008], lv denied 11 NY3d 931 [2009], reconsideration denied 12 NY3d 788 [2009]). Moreover, defendant's assertion that his allocution failed to affirmatively establish each element of the crimes "is not a recognized ground for vacating a guilty plea" (People v Gulbin, 165 AD3d 1611, 1612 [4th Dept 2018], lv denied 32 NY3d 1172 [2019]; see People v Goldstein, 12 NY3d 295, 300-301 [2009]). Indeed, "[i]t is well established that a defendant who pleads guilty need not acknowledge[] committing every element of the pleaded-to offense . . . or provide[] a factual exposition for each element of the pleaded-to offense' " (People v Madden, 148 AD3d 1576, 1578 [4th Dept 2017], lv denied 29 NY3d 1034 [2017], quoting People v Seeber, 4 NY3d 780, 781 [2005]). Finally, the negotiated sentence is not unduly harsh or severe.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court