■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO DOLAN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment, entered

after a bench trial, convicting him of criminal possession of stolen property in the first degree (Penal Law § 165.50). His conviction stems from the sale of a stolen vehicle to an undercover police officer during a sting-type investigation. Defendant did not dispute that he participated in the sale of a stolen vehicle to the officer, but raised the affirmative defense of entrapment *(see,* Penal Law § 40.05). The court rejected defendant's claim of entrapment.

Whether a defendant was predisposed to commit an offense or was induced to commit the offense is a question of fact *(People v McGee,* 49 NY2d 48, 61, *cert denied* 446 US 942; *People v Butts,* 131 AD2d 244, 249-250, *affd* 72 NY2d 746; *People v Sundholm,* 58 AD2d 224). Defendant and the informant gave conflicting accounts on that issue. The issue thus was essentially one of credibility which the court, in this bench trial, determined adversely to defendant. Credibility is best determined by the trier of fact who has the advantage of observing the witnesses and is in a better position to judge veracity than an appellate court *(People v Shedrick,* 104 AD2d 263, 274, *affd* 66 NY2d 1015, *rearg denied* 67 NY2d 758; *People v Christian,* 139 AD2d 896). Viewing the evidence, as we must, in the light most favorable to the People, we conclude that the trial court properly rejected defendant's claim of entrapment.

We have reviewed the other issues raised by defendant on appeal and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Doyle, J.—criminal possession of stolen property, first degree.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.