■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BEACH, Appellant.—Judgment unanimously affirmed. Memorandum: Whether defendant met his burden of establishing the affirmative defense of entrapment *(see,* Penal Law § 40.05) is a question of fact for the jury *(see, People v McGee,* 49 NY2d 48, 61, *cert denied sub nom. Waters v New York,* 446 US 942; *People v Dolan,* 155 AD2d 867, 868, *lv denied* 75

NY2d 812). The conflicting testimony essentially presented an issue of credibility, which the jury was entitled to resolve against defendant (see, People v Dolan, supra).

The trial court properly denied defendant's request for an instruction on the agency defense. To support the request, defense counsel argued that the evidence supported a finding that defendant was the agent of the confidential informant, who could be viewed either as the "true seller" or the buyer. The court properly rejected defendant's first theory. The agency defense is not available if defendant was acting as agent for the seller (see, People v Roche, 45 NY2d 78, 85, cert denied 439 US 958; People v Urich, 37 AD2d 901). An instruction on the agency defense was not warranted under defendant's alternate theory because no reasonable view of the evidence would support a finding that defendant was acting as an agent of the purchaser (see, People v Ortiz, 76 NY2d 446; People v Argibay, 45 NY2d 45, 55, cert denied sub nom. Hahn-DiGuiseppe v New York 439 US 930). (Appeal from Judgment of Jefferson County Court, Elliott, J.—Criminal Sale Controlled Substance, 5th Degree.) Present—Callahan, J. P., Boomer, Green, Boehm and Davis, JJ.