THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH B. McGRATH, Appellant. [693 NYS2d 358] —Judgment unanimously reversed on the law and indictment dismissed. Memorandum: Defendant was convicted of criminal sale of marihuana in the second degree (Penal Law § 221.50). The charges arose after a student was discovered by school authorities in possession of marihuana. The investigation into the incident resulted in a 15-year-old student's implicating defendant as the person from whom he purchased $90 worth of marihuana on June 6, 1997. That student, the prosecution's main witness, testified at trial that, on that date, he telephoned defendant to arrange the transaction and then he drove with three others to defendant's apartment. He testified that he went into defendant's apartment alone and purchased marihuana, which he took with him to a party that evening. The testimony of the remaining witnesses established that the student had marihuana at the party, that he sold or gave marihuana to others, and that some of the marihuana ultimately found its way into the possession of the student whose possession sparked the investigation. The persons who allegedly accompanied the student to defendant's apartment did not testify. County Court instructed the jury that the student who made the original purchase was an accomplice as a matter of law so that his testimony required corroboration.

Defendant contends that the People failed to introduce sufficient evidence to corroborate the accomplice testimony. Defendant preserved that contention for our review by making a motion to dismiss addressed to the insufficiency of the corroborative evidence (*see, People v Gray,* 86 NY2d 10, 19).

CPL 60.22 (1) provides that "[a] defendant may not be

convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense." "The corroborative glue does not require independent proof of the elements of the crime to sustain a conviction; it just has to bind the accomplice evidence to the defendant" (*People v Breland,* 83 NY2d 286, 293; *see also, People v Steinberg,* 79 NY2d 673, 683). "The corroboration must consist of 'evidence from an independent source of some material fact tending to show that defendant was implicated in the crime' " (*People v Moses,* 63 NY2d 299, 306, quoting *People v Kress,* 284 NY 452, 460).

We agree with defendant that there was no evidence other than the testimony of the accomplice that tended to connect him to the crime. Although evidence was admitted corroborating the testimony of the accomplice that he purchased marihuana on the date in question, the identity of defendant as the seller is based entirely on the testimony of the accomplice. No evidence from an independent source was introduced tending to show that defendant was implicated in the crime (*see, People v Moses, supra,* at 306). Consequently, the judgment must be reversed and the indictment dismissed. In light of our determination, we do not reach the remaining contention of defendant that he was denied effective assistance of counsel. (Appeal from Judgment of Lewis County Court, Merrell, J.—Criminal Sale Marihuana, 2nd Degree.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.