# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

456

KA 08-00830

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JAMEL WESTON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (WILLIAM G. PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

     Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 18, 2007. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

     It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

     Memorandum: On appeal from a judgment convicting him upon his guilty plea of, inter alia, two counts of robbery in the first degree (Penal Law § 160.15 [2]), defendant contends that the photo array identification procedure in which his accomplice was the witness was unduly suggestive (*see generally People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833). We reject that contention. Because "the subjects depicted in the photo array [were] sufficiently similar in appearance so that the viewer's attention [was] not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection," the photo array itself was not unduly suggestive (*People v Quinones*, 5 AD3d 1093, 1093, *lv denied* 3 NY3d 646). Likewise, the circumstances in which the police presented the photo array were not unduly suggestive. During his interview with the police, the accomplice indicated that he knew the perpetrator by his nickname, "Ratchet." Upon presenting the photo array, the police officer asked the accomplice to identify the man he knew as "Ratchet" if he could do so, but the officer neither told the accomplice that "Ratchet" was actually depicted in the photo array, nor did the officer instruct the accomplice that he was required to make an identification (*see People v Floyd*, 45 AD3d 1457, 1459, *lv denied* 10

NY3d 810, 811, 818).

Entered:  April 29, 2011                    Patricia L. Morgan
                                           Clerk of the Court