# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1332**
**KA 09-01249**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

FLOYD ALSTON, DEFENDANT-APPELLANT.

---

MICHAEL STEINBERG, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered December 9, 2008. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [4]). We agree with defendant that the record fails to establish that his waiver of the right to appeal was knowing and voluntary (*see generally People v Lopez*, 6 NY3d 248, 256). We conclude that the single reference by Supreme Court to the signed written waiver, i.e., whether defendant understood what he had signed, is not sufficient to establish that defendant understood that he was waiving a right that otherwise would have survived the guilty plea (*see People v Cooper*, 19 NY3d 501, 510; *People v Norton*, 96 AD3d 1651, 1651-1652, *lv denied* 19 NY3d 999). We therefore conclude that defendant's contention that the court erred in refusing to suppress identification evidence on the ground that the photo array was unduly suggestive is not encompassed by the waiver (*see People v Adger*, 83 AD3d 1590, 1591, *lv denied* 17 NY3d 857). We further conclude, however, that defendant's contention is without merit. The court properly determined that the People met their initial burden of establishing that the police conduct with respect to the photo array procedure was reasonable and that defendant failed to meet his ultimate burden of proving that the photo array was unduly suggestive (*see People v Santiago*, 96 AD3d 1495, 1496; *see generally People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833). The subjects depicted in the array were sufficiently similar in appearance so that the viewer's eye was not drawn to a particular photo " 'in such a way as to indicate that the police were urging a particular

selection' " (*People v Weston*, 83 AD3d 1511, 1511, *lv denied* 17 NY3d 823).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court