# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

275

KA 10-01965

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

REGINALD WILSON, ALSO KNOWN AS REGINALD M.
WILSON, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

REGINALD WILSON, DEFENDANT-APPELLANT PRO SE.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C.
Noonan, J.), rendered May 12, 2010.  The judgment convicted defendant,
upon a jury verdict, of burglary in the second degree and criminal
possession of stolen property in the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  In appeal No. 1, defendant appeals from a judgment
convicting him upon a jury verdict of burglary in the second degree
(Penal Law § 140.25 [2]) and criminal possession of stolen property in
the third degree (§ 165.50).  In appeal No. 2, defendant appeals from
an amended sentence directing him to pay restitution, including a 5%
designated surcharge, in the amount of $1,491.78.

Defendant's contention in appeal No. 1 that the accomplice
testimony adduced at trial was not sufficiently corroborated by
independent evidence is unpreserved for our review (*see People v
Demolaire*, 55 AD3d 621, 622, *lv denied* 11 NY3d 897; *cf. People v
McGrath*, 262 AD2d 1043, 1043).  In any event, defendant's contention
is without merit.  "New York's accomplice corroboration protection . .
. requires only enough nonaccomplice evidence to assure that the
accomplices have offered credible probative evidence that connects the
accomplice evidence to the defendant" (*People v Caban*, 5 NY3d 143, 155
[internal quotation marks omitted]).  Even the most "[s]eemingly
insignificant matters may harmonize with the accomplice's narrative so
as to provide the necessary corroboration" (*id.* [internal quotation
marks omitted]).  Here, defendant's accomplice testified that he
assisted defendant in burglarizing the victim's home and stealing the

victim's car, and that testimony was corroborated by the testimony of other witnesses that defendant was seen driving the victim's stolen car the day after the burglary. Contrary to defendant's further contentions in appeal No. 1, the evidence is legally sufficient to support the conviction and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). In addition, we reject defendant's contention in appeal No. 1 that the sentence of concurrent terms of incarceration is unduly harsh and severe, and we decline to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]).

In his main and pro se supplemental briefs, defendant contends with respect to appeal No. 1 that he was denied a fair trial by prosecutorial misconduct on summation. He concedes that he did not object to the alleged misconduct, however, and thus his contention has not been preserved for our review (*see People v Roman*, 85 AD3d 1630, 1631-1632, *lv denied* 17 NY3d 821). We conclude in any event that his contention is without merit (*see People v Hassem*, 100 AD3d 1460, 1461, *lv denied* 20 NY3d 1099). Also with respect to appeal No. 1, defendant failed to preserve for our review his contention in his pro se supplemental brief concerning the court's alibi charge (*see People v Melendez*, 16 NY3d 869, 870). In any event, that contention is without merit. Contrary to the further contention of defendant in appeal No. 1, raised in his pro se supplemental brief, defense counsel's failure to object to the prosecutor's allegedly improper remark during summation and to the alibi charge did not amount to ineffective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147; *People v Walker*, 50 AD3d 1452, 1453-1454, *lv denied* 11 NY3d 795, *reconsideration denied* 11 NY3d 931). Defendant's further contentions in his pro se supplemental brief that he was otherwise deprived of effective assistance of counsel and that he is entitled to a new trial in light of newly discovered exculpatory evidence are based on matters dehors the record and thus cannot be reviewed on direct appeal (*see People v Rohlehr*, 87 AD3d 603, 604; *People v Dawkins*, 81 AD3d 972, 972, *lv denied* 17 NY3d 794, *reconsideration denied* 17 NY3d 858).

We reject defendant's contention in appeal No. 2 that the People failed to meet their burden of establishing the amount of restitution by a preponderance of the evidence (*see* CPL 400.30 [4]; *People v Tzitzikalakis*, 8 NY3d 217, 221-222). The victim testified at the restitution hearing and provided a detailed breakdown of the value of the stolen items as well as documents establishing the cost of replacing the ignition and locks on her vehicle, which was returned to her. In addition, the amount of restitution owed to the victim's insurance company, which was financially harmed by reimbursing the victim for a portion of the cost of changing the ignition and locks on her vehicle, was supported by the claim it submitted to the Genesee County Probation Department. It is immaterial that an employee of the insurance company did not testify at the restitution hearing because "[a]ny relevant evidence, not legally privileged, may be received [at

a restitution hearing] *regardless of its admissibility under the exclusionary rules of evidence*" (CPL 400.30 [4] [emphasis added]; *see Tzitzikalakis*, 8 NY3d at 221).

Entered: July 5, 2013                                    Frances E. Cafarell
                                                         Clerk of the Court