# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**11**

**KA 12-01268**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                            MEMORANDUM AND ORDER

STACEY L. WILLIAMS, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), dated May 23, 2012. The order directed defendant to pay restitution to the victims of two burglaries.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order directing him to pay restitution to the victims of two burglaries. On a prior appeal, we concluded that County Court had improperly delegated its responsibility to conduct a restitution hearing to its court attorney (*People v Williams*, 64 AD3d 1136, 1137). We therefore modified the order by vacating the amount of restitution ordered, and we remitted the matter for a new hearing to determine the amount of restitution in compliance with Penal Law § 60.27 (*id.*). The only evidence presented by the People at the hearing on remittal was the transcript of the hearing previously conducted by the court attorney in 2006. Despite the court's error in delegating its responsibility to the court attorney in 2006, we nevertheless conclude that the transcript of the sworn testimony of the victims taken nearly six years earlier, which was subject to cross-examination, constitutes "relevant evidence" (CPL 400.30 [4]). The statute expressly provides that relevant evidence may be received "regardless of its admissibility under the exclusionary rules of evidence" (*id.*; *see People v Tzitzikalakis*, 8 NY3d 217, 221; *People v Wilson*, 108 AD3d 1011, 1013-1014). We further conclude that, contrary to defendant's contention, the court properly determined that the People established the out-of-pocket losses of the respective victims by the requisite preponderance of the evidence (*see generally Tzitzikalakis*, 8 NY3d at 221; *People v Horne*, 97 NY2d 404,

410-411).

Entered:  February 7, 2014

Frances E. Cafarell
Clerk of the Court