# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**123**

**KA 13-00675**

PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

MICHAEL H. JOHNSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DIANE S. MELDRIM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered March 19, 2013. The judgment convicted defendant, after a nonjury trial, of grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a bench trial, of grand larceny in the fourth degree (Penal Law § 155.30 [4]) in connection with the theft of a credit card from the victim's purse, which the victim left in her car in the parking lot of a business while she was in the building. Contrary to defendant's contention, Supreme Court properly denied that part of his omnibus motion seeking to suppress his inculpatory statement to the police. Defendant's statement was spontaneous, i.e., it was not "triggered by police conduct which should reasonably have been anticipated to evoke a declaration from the defendant" (*People v Lynes*, 49 NY2d 286, 295; *see People v Witherspoon*, 66 AD3d 1456, 1458, *lv denied* 13 NY3d 942; *cf. People v Lanahan*, 55 NY2d 711, 713). We further conclude that the photo array shown to three eyewitnesses was not unduly suggestive (*see generally People v Chipp*, 75 NY2d 327, 335). The court properly determined that the subjects depicted therein were sufficiently similar in appearance so that the viewer's attention was not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection (*see People v Alston*, 101 AD3d 1672, 1673; *People v Weston*, 83 AD3d 1511, 1511, *lv denied* 17 NY3d 823).

Contrary to the contention of defendant, the evidence is legally sufficient to establish that he stole a credit card. Defendant was observed in the victim's vehicle by two witnesses, and the victim

testified that the reloadable VISA card had approximately $100 of credit, that it was not in her wallet that was in the vehicle after defendant exited the vehicle, and that the credit card was cancelled that day (*see People v Howard*, 167 AD2d 922, 922, *lv denied* 77 NY2d 961; *see generally People v Bleakley*, 69 NY2d 490, 495).  Viewing the evidence in light of the elements of the crime in this bench trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the court did not fail to give the evidence the weight it should be accorded and, thus, we further conclude that the verdict is not against the weight of the evidence (*see People v Lane*, 7 NY3d 888, 890; *Bleakley*, 69 NY2d at 495).

Entered:  March 20, 2015                                   Frances E. Cafarell
                                                          Clerk of the Court