# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**868**

**KA 13-02111**

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

DAVID J. PEREZ, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JASON A. MACBRIDE OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Ontario County Court (Craig J. Doran, J.), dated November 1, 2013. The order directed defendant to pay certain restitution.

It is hereby ORDERED that the order so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the surcharge to 5% of the amount of restitution and as modified the order is affirmed.

Memorandum: In appeal No. 1, defendant appeals from an order directing him to pay restitution and, in appeal No. 2, he appeals from an amended order that corrected a typographical error in the order in appeal No. 1. We note at the outset that the appeal from the amended order must be dismissed because the amended order did not effect a "material or substantial change" to the order in appeal No. 1 (*Matter of Kolasz v Levitt*, 63 AD2d 777, 779). We also note that, as defendant contends and the People correctly concede, County Court failed to conduct an adequate colloquy with respect to the waiver of the right to appeal, rendering that waiver invalid (*see generally People v Lopez*, 6 NY3d 248, 256).

On the merits, we reject defendant's contention that the evidence at the restitution hearing was insufficient to support the amount of restitution ordered. The People met their burden of establishing the amount of restitution by a preponderance of the evidence through, inter alia, the victims' testimony, which the court found to be credible (*see* CPL 400.30 [4]; *People v Tzitzikalakis*, 8 NY3d 217, 221-222; *People v Wilson*, 108 AD3d 1011, 1013-1014). Although defendant asserts that the victims were lying about the amount of money that was stolen from them, we perceive no basis in the record for us to substitute our credibility determinations for those of the court,

which had "the advantage of observing the witnesses and [was] in a better position to judge veracity than an appellate court" (*People v Dolan*, 155 AD2d 867, 868, *lv denied* 75 NY2d 812).

As the People again correctly concede, however, the court erred in imposing a surcharge of 10% of the total amount of the restitution ordered instead of the 5% surcharge directed by Penal Law § 60.27 (8). Although defendant failed to preserve his contention for our review, we exercise our power to review it as a matter of discretion in the interest of justice (*cf. People v Kirkland*, 105 AD3d 1337, 1338-1339, *lv denied* 21 NY3d 1043), and we modify the order in appeal No. 1 accordingly.  The additional surcharge was not authorized because there was no "filing of an affidavit of the official or organization designated pursuant to [CPL 420.10 (8)] demonstrating that the actual cost of the collection and administration of restitution . . . in [this] case exceeds five percent of the entire amount of the payment or the amount actually collected" (§ 60.27 [8]; *see People v Stachnik*, 101 AD3d 1590, 1592, *lv denied* 20 NY3d 1104).

Entered:  July 2, 2015                              Frances E. Cafarell
                                                    Clerk of the Court