# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1376**
**KA 12-02071**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ADRIAN HUDDLESTON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EVAN HANNAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Donald E. Todd, A.J.), rendered September 14, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the surcharge to 5% of the amount of restitution and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of burglary in the third degree (Penal Law § 140.20). We agree with defendant that his waiver of the right to appeal is not valid (*see People v Jackson*, 99 AD3d 1240, 1240-1241, *lv denied* 20 NY3d 987; *see generally People v Lopez*, 6 NY3d 248, 256), inasmuch as "the record fails to establish that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Jackson*, 99 AD3d at 1241 [internal quotation marks omitted]). Although defendant's challenge to the severity of the sentence therefore is not encompassed by the invalid waiver (*see e.g. id.*), we nevertheless conclude that the sentence is not unduly harsh or severe.

Even assuming, arguendo, that defendant's waiver of the right to appeal was valid, we conclude that it would not encompass his challenge to the 10% restitution surcharge because County Court failed to advise defendant before he waived his right to appeal of the potential surcharge that could be imposed as part of the requirement to pay restitution (*see People v Schultz*, 117 AD3d 1560, 1560, *lv denied* 23 NY3d 1067). Although defendant failed to preserve for our review his contention that the court erred in imposing a surcharge of 10% of the amount of restitution ordered, instead of the 5% surcharge

directed by Penal Law § 60.27 (8), we exercise our power to review it as a matter of discretion in the interest of justice (*see People v Perez*, 130 AD3d 1496, 1497; *cf. People v Kirkland*, 105 AD3d 1337, 1338-1339, *lv denied* 21 NY3d 1043), and we modify the judgment accordingly.  The additional surcharge was not authorized because there was no "filing of an affidavit of the official or organization designated pursuant to [CPL 420.10 (8)] demonstrating that the actual cost of the collection and administration of restitution . . . in [this] case exceeds five percent of the entire amount of the payment or the amount actually collected" (Penal Law § 60.27 [8]; *see Perez*, 130 AD3d at 1497).

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court