# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

412

KA 14-00659

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

TRACY L. BROOKS, DEFENDANT-APPELLANT.

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered November 13, 2013. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the amount of restitution to $49,959.98, and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting her, upon her plea of guilty, of grand larceny in the third degree (Penal Law § 155.35 [1]), defendant challenges only the amount of restitution that she was directed to pay following a hearing conducted pursuant to Penal Law § 60.27 (2) and CPL 400.30. Defendant, who admitted to stealing from the parent-teacher organization of which she had been treasurer, was ordered to pay restitution in the amount of $52,437.48, minus an immediate credit for $25,112 paid at sentencing, plus a 10% restitution surcharge apparently computed on the unpaid amount of restitution.

County Court did not err in refusing to give defendant credit for sums she deposited in the victim's bank account. Defendant made no attempt to demonstrate that the money she deposited in the bank was not already the victim's money. The court did not err in crediting the forensic accountant's opinion, which was based on an estimate of anticipated sales derived from invoices related to the victim's fundraising endeavors, that defendant's embezzlement included a fundraising "shortfall" of $17,569. In addition, the court did not err in refusing to grant defendant any credit for checks allegedly signed by her husband, or in refusing to credit defendant for $1,632.30 paid to vendors, i.e., transactions for which the forensic accountant could not find any authorization or backup documentation

concerning what was purchased and why.  "The People met their burden of establishing the amount of restitution by a preponderance of the evidence through [the testimony and documentation presented by them], which the court found to be credible (*see* CPL 400.30 [4]; *People v Tzitzikalakis*, 8 NY3d 217, 221-222; *People v Wilson*, 108 AD3d 1011, 1013-1014)" (*People v Perez*, 130 AD3d 1496, 1497).  The court explicitly chose not to credit the testimony and documentation of defendant.  "[W]e perceive no basis in the record for us to substitute our credibility determinations for those of the court, which had 'the advantage of observing the witnesses and [was] in a better position to judge veracity than an appellate court' (*People v Dolan*, 155 AD2d 867, 868, *lv denied* 75 NY2d 812)" (*Perez*, 130 AD3d at 1497).

Contrary to defendant's contention, the court did not err in imposing a collection surcharge of 10% of the amount of restitution (*see People v Robinson*, 112 AD3d 1349, 1350, *lv denied* 23 NY3d 1042; *see also* Penal Law § 60.27 [8]).  We conclude, however, that the restitution award cannot be sustained insofar as the court awarded the victim $10,000 as opposed to $7,522.50 for the forensic accountant's fee.  The testimony at the restitution hearing established that the total bill from the accounting firm as of the date of hearing was $7,500, plus a $22.50 finance charge.  Although the forensic accountant testified that such bill did not include his fee for testifying, the record contains no quantification of that additional part of the fee, and thus there is no record basis for the $10,000 figure awarded by the court.  We conclude that the restitution award must be reduced by $2,477.50, and we modify the judgment accordingly. We note that the dollar amount of the 10% restitution surcharge must be reduced accordingly, by $247.75.

Entered:  May 6, 2016                    Frances E. Cafarell
                                         Clerk of the Court