# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**368**
**KA 12-01596**
PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

DARRELL HOFFMAN, ALSO KNOWN AS DURRELL,
DEFENDANT-APPELLANT.

---

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL),
FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered May 16, 2012. The judgment convicted defendant, upon his plea of guilty, of gang assault in the first degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of gang assault in the first degree (Penal Law § 120.07). We agree with defendant that his waiver of the right to appeal is not valid (*see People v Huddleston*, 134 AD3d 1458, 1458-1459, *lv denied* 27 NY3d 966; *see generally People v Lopez*, 6 NY3d 248, 256). Considering the prosecutor's plea colloquy and defendant's written waiver of the right to appeal, we conclude that the record as a whole "fails to establish that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Huddleston*, 134 AD3d at 1459 [internal quotation marks omitted]; *see Lopez*, 6 NY3d at 256). Furthermore, Supreme Court did not make "clear that the waiver of the right to appeal was a condition of [the] plea, not a consequence thereof" (*People v Guantero*, 100 AD3d 1386, 1387, *lv denied* 21 NY3d 1004 [internal quotation marks omitted]).

We agree with defendant that, during the suppression hearing, the court erred in precluding defendant from cross-examining the police investigator on the issue whether "Witness #1" was sufficiently familiar with defendant in order to render the single photo identification of defendant by that witness "merely confirmatory" (*People v Williamson*, 79 NY2d 799, 801). Although the court conducted a *Wade* hearing, which ordinarily eliminates the need for a *Rodriguez* hearing (*see People v Quinones*, 5 AD3d 1093, 1093, *lv denied* 3 NY3d

646), we conclude that the court's error during the suppression hearing renders a *Rodriguez* hearing necessary in this case (*see Williamson*, 79 NY2d at 800-801). We therefore hold the case, reserve decision, and remit the matter to Supreme Court for a hearing to determine whether the identification by the subject witness was truly confirmatory in nature (*see People v Rodriguez*, 79 NY2d 445, 451-453) and, if the court determines that the identification was not confirmatory, it must further determine whether the single photo identification procedure employed with the subject witness was unduly suggestive (*see generally People v Kairis*, 37 AD3d 1070, 1071, *lv denied* 9 NY3d 846). Because no determination has yet been made that the single photo identification procedure at issue was unduly suggestive, the appeal may be held in abeyance for a postjudgment hearing (*see People v Redding*, 47 AD3d 953, 953-954).

Entered:  June 10, 2016                              Frances E. Cafarell
                                                     Clerk of the Court