# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

440

KA 14-01365

PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

CHARLES GREFER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered January 9, 2014. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the order of restitution with respect to Geico and reducing the surcharge on the remaining orders of restitution to 5% of the amount of restitution, and as modified the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the second degree (Penal Law § 155.40 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of criminal tax fraud in the third degree (Tax Law § 1804). The guilty pleas were entered in one plea proceeding. We agree with defendant that the waiver of the right to appeal is invalid because "the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Hassett*, 119 AD3d 1443, 1443-1444, *lv denied* 24 NY3d 961 [internal quotation marks omitted]). In addition, "there is no basis upon which to conclude that the court ensured 'that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Jones*, 107 AD3d 1589, 1590, *lv denied* 21 NY3d 1075, quoting *People v Lopez*, 6 NY3d 248, 256).

Defendant contends with respect to appeal No. 1 that the court

erred in ordering restitution to Geico because, as the People concede, it did not sustain any out-of-pocket loss (*see* Penal Law § 60.27 [1]; *People v Horne*, 97 NY2d 404, 412). Although defendant failed to preserve that contention for our review, we nevertheless exercise our power to address it as a matter of discretion in the interest of justice (*see People v Anderson*, 70 AD3d 1320, 1320, *lv denied* 14 NY3d 885; *see generally Horne*, 97 NY2d at 414 n 3), and we modify the judgment in appeal No. 1 by vacating that order of restitution.

Defendant further contends with respect to appeal No. 1 that the court erred in imposing a 10% surcharge on the restitution orders. An additional surcharge of 5% is authorized only "[u]pon the filing of an affidavit of the official or organization designated pursuant to [CPL 420.10 (8)] demonstrating that the actual cost of the collection and administration of restitution . . . in a particular case exceeds [5%] of the entire amount of the payment" (Penal Law § 60.27 [8]). "There is no affidavit in the record supporting the imposition of a 10% surcharge on the amount of restitution ordered in this case" (*People v Whitmore*, 234 AD2d 1008, 1008; *see People v Huddleston*, 134 AD3d 1458, 1459, *lv denied* 27 NY3d 966). Although defendant failed to preserve his contention for our review (*see People v Kirkland*, 105 AD3d 1337, 1338-1339, *lv denied* 21 NY3d 1043), we again exercise our power to review it as a matter of discretion in the interest of justice (*see People v Parker*, 137 AD3d 1625, 1626-1627; *Huddleston*, 134 AD3d at 1459). We therefore further modify the judgment in appeal No. 1 by reducing the surcharge on the remaining orders of restitution to 5%.

Finally, we reject defendant's contention in appeal Nos. 1 and 2 that the sentence is unduly harsh and severe.

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court