People v Hoffman (2018 NY Slip Op 04911)





People v Hoffman


2018 NY Slip Op 04911


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, AND CURRAN, JJ.


838.1 KA 12-01596

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARRELL HOFFMAN, ALSO KNOWN AS DURRELL, DEFENDANT-APPELLANT. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered May 16, 2012. The appeal was held by this Court by order entered June 10, 2016, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (140 AD3d 1604). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: We previously held this case, reserved decision, and remitted the matter to Supreme Court for a hearing pursuant to People v Rodriguez (79 NY2d 445, 451-453 [1992]) to determine whether "Witness #1" was sufficiently familiar with defendant in order to render the single photo identification of defendant by that witness "truly confirmatory in nature" (People v Hoffman, 140 AD3d 1604, 1605 [4th Dept 2016]). We conclude that the court properly determined upon remittal that such a hearing was unnecessary inasmuch as defense counsel advised the court that "Witness #1" is the brother of defendant, thereby rendering his identification of defendant merely confirmatory (see generally People v Rodriguez, 47 AD3d 417, 417 [1st Dept 2008], lv denied 10 NY3d 816 [2008]). We reject defendant's contention that the court was required to obtain the waiver of such hearing directly from him. "[A] defendant who has a lawyer relegates control of much of the case to the lawyer except as to certain fundamental decisions reserved to the client," such as "deciding whether to plead guilty, whether to waive a jury, whether to testify at trial, and whether to take an appeal" (People v Ferguson, 67 NY2d 383, 390 [1986]). "With respect to strategic and tactical decisions concerning the conduct of trials, by contrast, defendants are deemed to repose decision-making authority in their lawyers" (People v Colon, 90 NY2d 824, 826 [1997]). "By accepting counseled representation, a defendant assigns control of much of the case to the lawyer, who, by reason of training and experience, is entrusted with sifting out weak arguments, charting strategy and making day-to-day decisions over the course of the proceedings" (People v Rodriguez, 95 NY2d 497, 501-502 [2000]).
Here, defense counsel's decision to forego a Rodriguez hearing as superfluous "is precisely the type of day-to-day decision making over which an attorney, in his or her professional judgment, retains sole authority" (People v Parker, 290 AD2d 650, 651 [3d Dept 2002], lv denied 97 NY2d 759 [2002], reconsideration denied 98 NY2d 679 [2002]; see Colon, 90 NY2d at 825-826; Ferguson, 67 NY2d at 390-391; People v Trepasso, 197 AD2d 891, 891 [4th Dept 1993], lv denied 82 NY2d 854 [1993]). Furthermore, in making his decision to waive the hearing, defense counsel stated that he had "discussed this with [defendant]." Although defendant was present, he did not protest defense counsel's decision. There is thus "no indication in the record that defense counsel's position differed from that of" defendant (People v Gottsche, 118 AD3d 1303, 1304 [4th Dept 2014], lv denied 24 NY3d 1084 [2014]; see People v Hartle, 122 AD3d 1290, 1292 [4th Dept 2014], lv denied 25 NY3d 1164 [2015]).
We reject defendant's contention that the court erred in refusing to suppress identifications made by "Witness #2" and a codefendant on the ground that the photo array was unduly suggestive. "A photo array is unduly suggestive where some characteristic of one picture draws the viewer's attention to it, indicating that the police have made a particular selection" (People v Smiley, 49 AD3d 1299, 1300 [4th Dept 2008], lv denied 10 NY3d 870 [2008] [internal quotation marks omitted]). Here, the photographs in the array depict African-American males of similar age, with similar hairstyles, clothing, and physical features. Furthermore, all of the photographs are roughly the same size. Thus, "[t]he subjects depicted in the array were sufficiently similar in appearance so that the viewer's eye was not drawn to a particular photo in such a way as to indicate that the police were urging a particular selection" (People v Alston, 101 AD3d 1672, 1673 [4th Dept 2012] [internal quotation marks omitted]). The court therefore properly determined that "the People met their initial burden of establishing that the police conduct with respect to the photo array procedure was reasonable and that defendant failed to meet his ultimate burden of proving that the photo array was unduly suggestive" (id.). "Nor was there any evidence at the Wade hearing indicating that the identification procedures [otherwise] employed by the police were unduly suggestive" (People v Linder, 114 AD3d 1200, 1201 [4th Dept 2014], lv denied 23 NY3d 1022 [2014]).
We reject defendant's further contention that the People failed to establish that his statements were freely and voluntarily given. At the hybrid Huntley/Wade hearing, the People presented evidence that defendant's handcuffs were removed immediately at the outset of the interrogation and that defendant could read and write. Defendant was read his Miranda rights verbatim from a Miranda warnings card and, after being read those rights, defendant did not request an attorney or that those rights be further explained. Thereafter, defendant agreed to speak to the officers and waive his rights. Thus, "[t]he record of the suppression hearing supports the court's determination that the waiver by defendant of his Miranda rights was knowing, voluntary and intelligent" (People v Marvin, 68 AD3d 1729, 1729 [4th Dept 2009], lv denied 14 NY3d 842 [2010]).
In his supplemental brief, defendant contends that he was deprived of effective assistance of counsel because defense counsel waived the Rodriguez hearing. Defendant failed, however, to
" demonstrate the absence of strategic or other legitimate explanations for counsel's failure to request [that] hearing. Absent such a showing, it will be presumed that counsel acted in a competent manner and exercised professional judgment in not pursuing a
hearing' " (People v Parker, 148 AD3d 1583, 1584 [4th Dept 2017], lv denied 29 NY3d 1084 [2017], quoting People v Rivera, 71 NY2d 705, 709 [1988]). Defendant also contends that he was deprived of effective assistance of counsel because defense counsel did not expressly state that he sought suppression of defendant's statements based on a lack of probable cause to arrest him. Defendant relies, however, upon matters outside the record in contending that he had a "colorable" claim to suppress those statements on the ground that he was arrested without probable cause. Thus, that contention "must be raised by way of a motion pursuant to CPL article 440" (People v Edwards, 151 AD3d 1832, 1833 [4th Dept 2017], lv denied 30 NY3d 949 [2017]).
Finally, we conclude that defendant's sentence is not unduly harsh or severe.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court