People v Wilson (2020 NY Slip Op 00775)





People v Wilson


2020 NY Slip Op 00775


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1264 KA 16-00368

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WINSTON A. WILSON, JR., DEFENDANT-APPELLANT. 






KIMBERLY J. CZAPRANSKI, SCOTTSVILLE, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered December 18, 2015. The judgment convicted defendant upon a plea of guilty of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that his waiver of the right to appeal is invalid. We reject that contention. Defendant waived that right "both orally and in writing before pleading guilty, and [County Court] conducted an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v McGrew, 118 AD3d 1490, 1490-1491 [4th Dept 2014], lv denied 23 NY3d 1065 [2014] [internal quotation marks omitted]; see People v Weatherbee, 147 AD3d 1526, 1526 [4th Dept 2017], lv denied 29 NY3d 1038 [2017]; People v Nicometo, 137 AD3d 1619, 1619-1620 [4th Dept 2016]). Additionally, the court "did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea" (People v Tilford, 162 AD3d 1569, 1569 [4th Dept 2018], lv denied 32 NY3d 942 [2018] [internal quotation marks omitted]; see People v Tabb, 81 AD3d 1322, 1322 [4th Dept 2011], lv denied 16 NY3d 900 [2011]).
Although defendant's contention that his guilty plea was not voluntarily, knowingly and intelligently entered survives the waiver of the right to appeal (see People v McKay, 5 AD3d 1040, 1041 [4th Dept 2004], lv denied 2 NY3d 803 [2004]), that contention is unpreserved for our review because defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction (see People v Rojas, 147 AD3d 1535, 1536 [4th Dept 2017], lv denied 29 NY3d 1036 [2017]; People v Brown, 115 AD3d 1204, 1205 [4th Dept 2014], lv denied 23 NY3d 1060 [2014]), and "nothing on the face of the record calls into question the voluntariness of the plea or casts significant doubt upon defendant's guilt" (People v Karlsen, 147 AD3d 1466, 1468 [4th Dept 2017], lv denied 29 NY3d 1082 [2017]; see People v Rodriguez, 156 AD3d 1433, 1434 [4th Dept 2017], lv denied 30 NY3d 1119 [2018]). In any event, defendant's contention lacks merit inasmuch as it is based solely on an unsupported claim of innocence (see People v Haffiz, 19 NY3d 883, 884-885 [2012]; see generally People v Dixon, 29 NY2d 55, 57 [1971]), which is belied by his statements during the plea colloquy (see People v Dale, 142 AD3d 1287, 1289 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]; see generally Dixon, 29 NY2d at 57).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court