People v Shanley (2020 NY Slip Op 07770)





People v Shanley


2020 NY Slip Op 07770


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


829 KA 16-01588

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DOUGLAS SHANLEY, JR., DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered April 12, 2016. The judgment convicted defendant upon his plea of guilty of petit larceny and criminal possession of stolen property in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (§ 165.40). We affirm.
Contrary to defendant's contention, we conclude that County Court did not abuse its discretion in denying his request for a further adjournment of sentencing to afford him an opportunity to file a motion to withdraw his plea (see People v Spears, 24 NY3d 1057, 1058-1060 [2014]).
To the extent that defendant challenges the voluntariness of his plea, defendant failed to preserve that challenge for our review because he did not move to withdraw the plea or to vacate the judgment of conviction (see People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). In People v Lopez (71 NY2d 662 [1988]), however, the Court of Appeals carved out a narrow exception to the preservation requirement for the "rare case" in which "the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea," thereby imposing upon the trial court "a duty to inquire further to ensure that defendant's guilty plea is knowing and voluntary" (id. at 666). "Where the court fails in this duty and accepts the plea without further inquiry, the defendant may challenge the sufficiency of the allocution on direct appeal, notwithstanding that a formal postallocution motion was not made" (id.). Here, nothing defendant said during the plea colloquy itself required the court to inquire further before accepting the plea (see People v Sheppard, 149 AD3d 1569, 1569 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]). Moreover, even assuming, arguendo, that the court's duty to inquire as contemplated by Lopez may be triggered by a defendant's statements at junctures subsequent to acceptance of the plea (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; see generally People v Delorbe, 35 NY3d 112, 121 [2020]), and thus that the exception applies here due to the court's failure to inquire into statements made by defendant both during that part of the sentencing proceeding imposing jail terms and that part conducting the separate restitution hearing (see Lopez, 71 NY2d at 666), we nonetheless reject defendant's challenge to the voluntariness of his plea. To the extent that defendant suggested that he was pressured into accepting the plea by defense counsel, that suggestion was "belied by his statements during the plea proceeding[]" and, in addition, defendant's "conclusory and unsubstantiated claim[s] of innocence [were] belied by his admissions during the plea colloquy" (People v Garner, 86 AD3d 955, 955 [4th Dept 2011]; see People v Wilson, 179 AD3d 1527, 1528 [4th Dept 2020], lv denied [*2]35 NY3d 945 [2020]; People v Lewandowski, 82 AD3d 1602, 1602 [4th Dept 2011]).
Defendant also challenges the order of restitution issued by the court after it bifurcated the sentencing proceeding by severing the issue of restitution for a separate hearing. Initially, although defendant failed to appeal from the order of restitution (see People v Briglin, 125 AD3d 1518, 1519 [4th Dept 2015], lv denied 26 NY3d 926 [2015]; see generally People v Connolly, 100 AD3d 1419, 1419 [4th Dept 2012]), under the circumstances of this case we deem " ' the . . . restitution order[] here to be [an] amendment[] to the judgment of conviction, [and thus] our review of such order[] is appropriate' upon defendant's appeal from the judgment of conviction" (People v Moore, 124 AD3d 1386, 1387 [4th Dept 2015]). We nevertheless reject defendant's contention that the evidence at the restitution hearing was insufficient to support the amount of restitution ordered. The People met their burden of establishing the amount of restitution by the requisite preponderance of the evidence (see CPL 400.30 [4]; People v Tzitzikalakis, 8 NY3d 217, 221-222 [2007]) through the victim's testimony, which the court implicitly found to be credible, and the receipt documenting the cost of the stolen items (see People v Perez, 130 AD3d 1496, 1497 [4th Dept 2015]; People v Davis, 114 AD3d 1287, 1288 [4th Dept 2014]; People v Wilson, 108 AD3d 1011, 1013 [4th Dept 2013]). Although defendant challenged the victim's recollection and presented his own conflicting testimony, we perceive "no basis in the record for us to substitute our credibility determinations for those of the court, which had 'the advantage of observing the witnesses and [was] in a better position to judge veracity than an appellate court' " (Perez, 130 AD3d at 1497).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court